UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 19 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| R. WAYNE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-0777 (UNA) |
| | ) |
| JOHN ROBERTS, Chief Justice, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

This plaintiff is a prolific filer. *See Johnson v. Garza*, No. CV 16-1078, 2016 WL 9021959, at *6 (D.N.M. Oct. 31, 2016) (noting "that Johnson has filed at least sixty and, according to some sources, in excess of 160 cases in the courts of Texas, Alabama, California, Missouri, Oklahoma, and Tennessee . . . span[ing] a period exceeding twenty-five years and none of them resulted in relief for Johnson"); *Johnson v. U.S. Marine Corps*, No. 2:13-CV-0066,

2013 WL 3652377, at *1 (N.D. Tex. July 15, 2013) (imposing sanctions by, among other things, requiring Johnson to "obtain[] leave of the Court through a proper motion for leave to file [any] new lawsuit or [habeas] petition"). Long ago he accumulated three strikes. *See Johnson v. Whatley*, No. 02-40760, 73 F. App'x 79 (5th Cir. 2003) (per curiam) (dismissing appeal as frivolous, and stating that Johnson has at least three strikes under 28 U.S.C. § 1915(g), and thus is "BARRED from bringing any civil action or appeal IFP while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury"); *Johnson v. Tepper*, No. 1:02-CV-0656 (W.D. Tex. Oct. 11, 2002) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)), *appeal dismissed*, 65 F. App'x 509 (5th Cir. 2003) (per curiam) (dismissing appeal as frivolous and issuing a "sanctions warning" as the dismissal of the complaint and appeal are two strikes under 28 U.S.C. § 1915(g)); *see also Johnson v. Lindsay*, No. 3:16-CV-1345, 2016 WL 3752972, at *2 (N.D. Tex. May 17, 2016) ("As early as 2004, Plaintiff was barred from proceeding *in forma pauperis* as to civil rights complaints absent the requisite allegation that he is subject to imminent danger of serious physical injury."), *report and recommendation adopted*, No. 3:16-CV-1345, 2016 WL 3748417 (N.D. Tex. July 11, 2016).

Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). None of the complaint's factual allegations demonstrate that plaintiff is in imminent danger of serious physical injury.

The Court will deny plaintiff's application to proceed *in forma pauperis* and dismiss this civil action without prejudice. If plaintiff wishes to proceed with his claims, he may file a new complaint *and* pay the $350 filing fee in full. An Order is issued separately.

DATE: 7/19/2017

_____
United States District Judge